UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| RAPHAEL R. CALHOUN, | : | Case No. 2:24-cv-1609 |
| Petitioner, | : : | |
| vs. | : : | District Judge James L. Graham Magistrate Judge Peter B. Silvain, Jr. |
| JULIE LYNCH, *et al*., | : : | |
| Respondents. | : : | |

**ORDER AND REPORT AND RECOMMENDATION**[1]

Petitioner, a state pretrial detainee, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).[2]  However, for the reasons that follow, the undersigned **RECOMMENDS** that the petition be **DISMISSED without prejudice.**

## I.     BACKGROUND

Petitioner brings this petition in connection with his pending criminal charges in Franklin County Court of Common Pleas Case Number 2021-CR-001474.  Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE:** Judge Julie Lynch in case number 21CR-0[0]-1474 failed to enforce the Franklin County Common[] Pleas Court's Rules of Practice set into place to prevent unjust lengths of Pretrial Detention.  Also her lack of fairness and proper administration of laws.
>
> **Supporting Facts:** It states in their Rules of Practice that when a waiver of Speedy Trial Rights is entered by a Continuance Form and the Defendant is being held in lieu of bond, each waiver should be explained, and journalized in open court. I have been held since 04-01-2021 without even one hearing.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] The petition was initially filed in the United Stated District Court for the District of Columbia, before being transferred to this Court on April 8, 2024.  (*See* Doc. 5).

**GROUND TWO:** Prosecutor Cory D. Helffrich failed to identify the party to whom the continuances is chargeable to also a mis-performance and insufficiency of a proper court process. Also his lack of fairness and proper administration of laws.

**Supporting Facts:** See attached continuances.

**GROUND THREE:** Attorney's [sic] forged my signature. I assert that I did not personally nor give permission to Frederick D. Benton Jr., Francisco Luttecke to waive my Fast & Speedy Trial Rights I had previously ask[ed] the Court to honor. Unprofessional behaviors. Failure to follow through with fair responsibilities.

**Supporting Facts:** See attached continuances.

(Doc. 1, at PageID 6). As relief, petitioner seeks release and dismissal of his criminal case. (*See id.* at PageID 7) (seeking "[t]o be released immediately from custody, for [his] case to be dismissed with prejudice[.]").

On April 23, 2024, the undersigned issued an Order for petitioner to show cause why this action is not subject to dismissal for lack of exhaustion and because petitioner's requested relief— his release and dismissal of the charges pending against him—is not properly brought in a pretrial § 2241 petition. (Doc. 6, at PageID 5-6).[3] Petitioner has responded to the Order. (Docs. 7-11).

## II.  LEGAL STANDARD

Pursuant to Rule 4 of the Habeas Rules, the Court must conduct a preliminary review of a petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

---

[3]As noted in the Court's April 23, 2024 Order, petitioner has paid the $5.00 filing fee necessary to commence this action. (*See* Doc. 6, at PageID 6).

### III. ANALYSIS

As noted in the Court's prior Order (*see* Doc. 6, at PageID 4), a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see also Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981).[4] However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins*, 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden*, 410 U.S. at 489 (1973); *Atkins*, 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden*, 410 U.S. at 490; *Atkins*, 644 F.2d at 546.

Petitioner has not demonstrated the kind of "extraordinary circumstances" necessary to justify this Court's intrusion into his state-court proceedings. He does not allege that he is facing a second trial or retrial, and thus the second and third exceptions to abstention do not apply. (*See supra* note 4). Further, while the first exception for protecting the right to a speedy trial "is

---

[4] The Sixth Circuit "has recognized three exceptions [to abstention] that permit a federal court to consider a pre-trial habeas petition." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020). They are: (1) where "the petitioner seeks a speedy trial, and available state-court remedies have been exhausted;" (2) where "the petitioner seeks to avoid a second trial on double jeopardy grounds;" and (3) where "the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial." *Id.* (citations omitted). The Sixth Circuit appears to have also recognized that an argument concerning the denial of a reasonable bond may also be available prior to trial, where a petitioner has exhausted his state-court remedies. *See Atkins*, 644 F.2d at 549.

3

potentially relevant[, it] is not satisfied here." *Williams v. Sheriff, Greene Cty. Adult Det. Ctr.*, No. 2:22-CV-4205, 2022 WL 17669945, at *3 (S.D. Ohio Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 130732 (S.D. Ohio Jan. 9, 2023).

As this Court noted in *Williams*:

> The Sixth Circuit has held that release "from custody and dismissal of the indictment for [an] alleged speedy trial violation . . . *cannot be attained by way of a pretrial § 2241 petition.*" *Folley* [*v. Banks*, No. 20-3554], 2020 WL 9813535, at *2 [(6th Cir. Aug. 31, 2020)] (emphasis added). In contrast, a request "that the state be ordered to grant [petitioner] his right to a prompt trial . . . may be considered by pretrial habeas corpus, provided the state courts have had an opportunity to resolve the issue." *Atkins*, 644 F.2d at 548. *See also Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D. Ohio Dec. 9, 2011) (observing the distinction between "a defendant disrupting the orderly functioning of a state's judicial process as opposed to enforcing his right to have the state bring him promptly to trial.") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987)).

2022 WL 17669945, at *3. *See also Switek v. Michigan*, 587 F. Supp. 3d 622, 625 (E.D. Mich. 2021) ("Petitioner cannot seek the dismissal of his pending [state] criminal charges [in federal court] with a habeas petition.") (citing, *inter alia*, *Atkins*, 644 F.2d at 547); *Hairston v. Franklin Cty. Court of Common Pleas*, No. 2:17-cv-353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017) ("a federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies available to him on that issue. On the other hand, on the basis of comity considerations, federal courts abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed on speedy trial grounds."), *report and recommendation adopted*, 2017 WL 2972151 (S.D. Ohio July 12, 2017).

In this case, petitioner does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather he asserts the speedy trial claim in an effort to have the pending criminal charges dismissed. (Doc. 1, at PageID 7).[5] "Because Petitioner seeks only release and

---

[5]A review of the Franklin County Clerk of Court website indicates that a trial date is currently set in the underlying criminal matter for January 6, 2025. *See* State Trial Court July 18, 2024 Entry of Continuance, viewed at:

4

dismissal of the charges against him, the exception that might allow this Court to consider his Petition does not apply." *Williams*, 2022 WL 17669945, at *4 (citing *Pruitt v. Ohio*, No. 1:10-cv-313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010), *report and recommendation adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010)). Dismissal of petitioner's § 2241 petition is appropriate on this basis alone. *See, e.g., Dalton v. Thornburg*, No. 1:23-CV-00039, 2023 WL 5662580, at *4-5 (W.D.N.C. Aug. 30, 2023), *appeal dismissed*, No. 23-6978, 2024 WL 446146 (4th Cir. Feb. 6, 2024) (finding dismissal of the petitioner's § 2241 petition appropriate where his request to dismiss the pending criminal charges was not available under § 2241).

Moreover, petitioner has not exhausted his state-court remedies. In Ohio, defendants have "a remedy by way of a motion to dismiss the indictment in [their] criminal case if [they] believe [they are] being held in violation of the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment." *Crawmer v. United States*, No. 3:22-CV-050, 2022 WL 523414, at *2 (S.D. Ohio Feb. 22, 2022), *report and recommendation adopted*, No. 3:22-CV-50, 2022 WL 976913 (S.D. Ohio Mar. 31, 2022). *See also State v. Hiatt*, 697 N.E.2d 1025, 1035 (Ohio App. 4 Dist. 1997) ("An accused presents a prima facie case for discharge based upon a violation of speedy trial limitations by charging in a motion to dismiss that he or she was held solely on the pending charge and for a time exceeding the R.C. 2945.71 time limits.") (citing *State v. Butcher*, 500 N.E.2d 1368 (Ohio 1986); *State v. Reuschling*, 506 N.E.2d 558 (Ohio 1986)).

In his response to the Court's Show Cause Order, petitioner indicates that he has filed speedy-trial motions in the state trial court. (*See* Doc. 8, at PageID 25, 32; Doc. 9-3).[6] However,

---

https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?sNBHbscJkqclZS6AN484, under petitioner's name and Case No. 21 CR 001474.

[6] It appears from the Franklin County Clerk of Court website, *see supra* note 5, that petitioner filed pro se speedy-trial motions on April 25, 2023, August 25, 2023, and April 12, 2024. The state trial court denied the motions in Entries dated August 30, 2023 and May 14, 2024.

5

"[i]n Ohio, speedy trial issues must be reviewed on direct appeal." *Lisboa, Jr. v. Ct. of Common Pleas Cuyahoga Cty., Ohio*, No. 1:10CV0617, 2010 WL 1964231, at *1 (N.D. Ohio May 17, 2010) (citing *Coleman v. Wolfe,* 2007 WL 214400 * 1 (Ohio App. 7 Dist., Jan 26, 2007) (in turn citing *Travis v. Bagley,* 92 Ohio St.3d 322, 323, 750 N.E.2d 166 (2001); *Atkins.* 644 F.2d at 548)). Review of the Franklin County Clerk of Court website in Case No. 2021-CR-001474 establishes that petitioner did not appeal the denial of his motions for speedy trial. Petitioner therefore has not exhausted his state-court remedies. *See Lisboa*, 2010 WL 1964231, at *1; *cf. Burley v. State of Tennessee*, No. 3:22-CV-00679, 2022 WL 16825175, at *5 (M.D. Tenn. Nov. 8, 2022) ("But Tennessee's default rule against hybrid representation does not provide a free pass to forego Section 2241's well-established exhaustion requirement.") (citing *Wallace v. Sexton*, 570 F. App'x 443, 451 (6th Cir. 2014)).[7]

Finally, petitioner has filed a letter that appears to address a related civil rights action that he has filed in this Court under Case No. 2:24-cv-3078. (Doc. 11). Because the letter does not appear applicable to the instant case, the Court does not address it here, except to the extent that it provides a new mailing address for petitioner. In accordance with petitioner's letter (Doc. 11, at PageID 118), the Clerk of Court is **DIRECTED** to update petitioner's address in this matter to reflect the address provided in his letter.

---

[7]Petitioner also attaches copies of grievances that he filed with the local bar association and a motion to disqualify the trial judge that he filed in and was denied without reaching the merits by the Ohio Supreme Court. (*See* Docs. 9-2; 9-4, at PageID 106-14; *see also* Ohio S. Ct. Entry filed on May 30, 2024 in Franklin County Case No. 2021-CR-001474). Petitioner's "complaints to the local bar association do not exhaust remedies available to him through the state courts. Petitioner must use the state court's formal mechanisms to exhaust his state-court remedies." *Hairston*, 2017 WL 2972151, at *1. Nor does his motion to disqualify the trial judge serve to exhaust his speedy trial claim. As set forth above, defendants in Ohio have "a remedy by way of a motion to dismiss the indictment in [their] criminal case." *Crawmer*, 2022 WL 523414, at *2. *Cf. Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("This circuit has held that the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."); *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("Thus, a Rule 26(B) application 'based on ineffective assistance cannot function to preserve' the underlying substantive claim.") (quoting *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir.2005)).

Accordingly, the undersigned concludes that petitioner is plainly not entitled to relief on his petition because his requested relief of release and to dismiss the charges against him is not properly brought in a pretrial § 2241 petition and he has not exhausted his state remedies. This action should therefore be **DISMISSED without prejudice**.

**IT IS THEREFORE ORDERED THAT:**

1. The **CLERK OF COURT SHALL** update petitioner's address in the docket record of this case to reflect his new address (*see* Doc. 11): Raphael R. Calhoun, #0019074, Franklin County Corrections Center II, 2460 Jackson Pike, Columbus, Ohio 43233.

2. Petitioner is **ORDERED** to inform the Court promptly of any changes in his address which may occur during the pendency of this case.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's *pro se* petition for a writ of habeas corpus be **DISMISSED without prejudice.**

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[8]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore deny petitioner leave to

---

[8]*See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) ("Congress knew how to exempt § 2241 petitions from the certificate of appealability requirement when it wished, indicating that Congress chose to require certificates of appealability for state but not federal prisoners who invoke § 2241.").

7


appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

August 30, 2024                                              *s/Peter B. Silvain, Jr.*
                                                                                            Peter B. Silvain, Jr.
                                                                                            United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).